Filed 6/23/16  P. v. Johnson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052987 |
| v. | (Super. Ct. No. 15CF1469) |
| EMARI LITRELL JOHNSON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from postjudgment orders of the Superior Court of Orange County, Gassia Apkarian and Kathleen Roberts, Judges.  Affirmed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Emari Litrell Johnson pled guilty to attempted human trafficking and attempted pimping, and was sentenced to three years two months in state prison. Defendant sought to withdraw his guilty plea, but his appointed trial counsel refused to file a motion on the ground there was no legal basis for doing so. A hearing was conducted pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), and defendant's request for new appointed trial counsel was denied.

We appointed counsel to represent defendant on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth the facts of the case, raising no issues, and requesting that we independently review the entire record. We provided defendant 30 days to file written argument on his own behalf; that time has passed and no supplemental brief has been filed.

We have examined the entire record and appointed appellate counsel's *Wende/Anders* brief; we find no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

BACKGROUND

Defendant was charged in a felony complaint with human trafficking (Pen. Code, § 236.1, subd. (b)), pimping (*id.*, § 266h, subd. (a)), pandering by procuring (*id.*, § 266i, subd. (a)(1)), attempted human trafficking (*id.*, §§ 664, subd. (a), 236.1, subd. (a)), and attempted pimping (*id.*, §§ 664, subd. (a), 266h, subd. (a)). In November 2015, defendant agreed to plead guilty to the charges of attempted human trafficking and attempted pimping; the remaining charges were dismissed. Defendant made the following factual statement as the basis for his guilty plea: "In Orange County, California, on or about and between 5/1/15 - 7/1/15 I willfully, unlawfully and intentionally attempted to deprive the personal liberty of Jane Doe with intent to obtain

2

forced labor services and I attempted to derive monetary support from Jane Doe's acts of prostitution, knowing she was a prostitute."

The trial court sentenced defendant to three years two months in state prison, with credit for 284 days' time served.

In December 2015, defendant and his appointed trial counsel appeared in court. Defense counsel informed the court that defendant wanted to withdraw his guilty plea. Defense counsel further informed the court that he did not believe there was a legal basis for withdrawing the plea, and asked the court to hold a *Marsden* hearing. The court conducted the hearing and allowed defendant to explain the grievances he had with appointed defense counsel. The trial court denied defendant's request for a new attorney.

Defendant timely filed a notice of appeal. The trial court issued a certificate of probable cause.

ANALYSIS OF POTENTIAL ISSUES

Appellate counsel suggests three potential issues for our review. First, we consider whether defendant's guilty plea was constitutionally valid. Our review of the record shows that defendant entered his guilty plea, and waived his constitutional rights, voluntarily and intelligently. (*Boykin v. Alabama* (1969) 395 U.S. 238, 242-243; *In re Tahl* (1969) 1 Cal.3d 122, 131-133.)

Second, we consider whether the trial court erred by conducting a *Marsden* hearing before appointing new counsel to represent defendant in his request to withdraw his guilty plea. In *People v. Smith* (1993) 6 Cal.4th 684, 696, the California Supreme Court held that new counsel should be appointed only after the court finds "the defendant has shown that a failure to replace the appointed attorney would substantially impair the right to assistance of counsel [citation], or, stated slightly differently, if the record shows that the first appointed attorney is not providing adequate representation or that the defendant and the attorney have become embroiled in such an irreconcilable conflict that

3

ineffective representation is likely to result [citation]." That holding was recently reaffirmed in *People v. Sanchez* (2011) 53 Cal.4th 80.

Third and finally, we consider whether the trial court erred in failing to grant defendant's request for a new attorney. Defendant was given a full and fair opportunity to identify any instances of inadequate representation or misconduct by his appointed trial counsel. The court conducted a hearing pursuant to *Marsden*, and gave defendant a chance to explain to the court why he believed defense counsel had not performed adequately. The trial court also heard from defense counsel, who responded to defendant's statements. Whether to grant a request for new appointed counsel is a matter left to the discretion of the trial court. (*People v. Smith*, *supra*, 6 Cal.4th at p. 696.) Finding no abuse of that discretion, we affirm the trial court's decision that defendant failed to make the required showing.

Our review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the possible issues suggested by defendant's appellate counsel, has disclosed no reasonably arguable appellate issue. Competent counsel has represented defendant in this appeal.

DISPOSITION

The postjudgment orders are affirmed.

FYBEL, J.

WE CONCUR:

O'LEARY, P. J.

IKOLA, J.

4